UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALFONSO MIRA and CARLA MIRA, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-1724 SBA<br><br>**ORDER DISMISSING ACTION** |

    Plaintiffs Alfonso and Carla Mira filed the instant mortgage fraud action in state court on March 5, 2010. On April 22, 2010, Defendant American Home Mortgage Servicing, Inc., removed the action to this Court, and filed a motion to dismiss on April 29, 2010. On May 3, 2010, the matter was reassigned to this Court, and the motion was scheduled for hearing on July 14, 2010. Under Civil Local Rule 7-3(a), any opposition or statement of non-opposition was due by June 23, 2010, which is twenty-one days prior to the hearing date. Plaintiffs did not respond to the motion. Thus, on June 30, 2010, the Court issued an order to show cause ("OSC") directing Plaintiffs to demonstrate, through the filing of a Certificate of Counsel, why the instant action should not be dismissed under Federal Rule of Civil Procedure 41(b) for lack of prosecution. Plaintiffs were given seven days to respond to the OSC, and were warned that the failure to respond "WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO

DISMISS THE ACTION." (Order at 2, Docket 20.) Despite that warning, the Court has received no response to the OSC.

Rule 41(b) authorizes the Court to dismiss an action where a plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules or court order is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules or orders, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal. Under Local Rule 7-3, Plaintiffs were obligated to file their opposition to the motion to dismiss by no later than June 23, 2010. In violation of that rule, they failed to do so. Though the Court could have granted the motion as unopposed, the Court issued an OSC to provide Plaintiffs with an opportunity to demonstrate why the action should not be dismissed. Plaintiffs failed to respond as ordered. Plaintiffs' repeated failures to comport with Court's filing requirements undermine the Court's ability to expedite the resolution of the action. Such non-compliance inherently delays resolution of the case and insures to the detriment of the public. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

|    |    |
|---|---|
| 1  | The third factor, the risk of prejudice to the defendant, is related to the strength of the |
| 2  | plaintiffs' excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have |
| 3  | offered no "excuse" for their non-compliance, nor is any apparent from the record.  Since |
| 4  | Defendant's filing of its motion over two months ago, the Court has received no filings from |
| 5  | Plaintiffs.  In short, Plaintiffs simply have failed to provide any reason whatsoever for their |
| 6  | failure to comply with the Court's Orders and none is apparent from the record.  These facts |
| 7  | also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at |
| 8  | 54. |
| 9  | The fourth factor favoring disposition of cases on the merits, by definition, weighs |
| 10 | against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on |
| 11 | the merits.  Thus, this factor weighs against dismissal"). |
| 12 | Finally, the Court has considered less drastic alternatives to dismissal.  As noted, the |
| 13 | Court previously could have dismissed the action based on Plaintiffs' failure to oppose |
| 14 | Defendant's motion to dismiss.  But instead of granting the motion at that time, the Court |
| 15 | afforded Plaintiffs another opportunity to respond to the motion.  Repeating the rule expressed |
| 16 | in its Standing Orders, the Court warned Plaintiffs that it would grant the motion if they did not |
| 17 | timely respond to the OSC.  "[A] district court's warning to a party that failure to obey the |
| 18 | court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' |
| 19 | requirement."  Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) |
| 20 | ("We conclude that because Brydges was warned of the consequence of his failure to respond |
| 21 | to the appellees' summary judgment motion, the district court did not err by deeming his |
| 22 | failure to respond a consent to the motion for summary judgment"). |
| 23 | In sum, weighing the relevant factors, the Court exercises its discretion and grants the |
| 24 | Defendant's motion to dismiss. |
| 25 | Accordingly, |
| 26 | IT IS HEREBY ORDERED THAT: |
| 27 | 1.  Defendant's motion to dismiss is GRANTED. |
| 28 | 2.  The hearing previously scheduled for July 14, 2010, is VACATED. |

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: July 9, 2010

                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge