UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALFONSO MIRA and CARLA MIRA, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-1724 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE PLAINTIFFS' NOTICE OF PENDENCY OF ACTION** |

I.   **INTRODUCTION**

Plaintiffs Alfonso and Carla Mira filed the instant mortgage fraud action in state court on March 5, 2010. Dkt. 1. On April 22, 2010, Defendant American Home Mortgage Servicing, Inc., removed the action to this Court, and filed a motion to dismiss on April 29, 2010. On July 13, 2010, the Court granted Defendant's unopposed motion and dismissed the action. Dkt. 22.

The parties are presently before the Court on Defendant's Motion to Expunge Plaintiffs' Notice of Pendency of Action. Dkt. 24. On August 9, 2010, the Court issued a scheduling order directing Plaintiffs file an opposition or statement of non-opposition by no later than August 20, 2010. Dkt. 26. The Court's order warned Plaintiffs that the failure to respond to the motion as directed would be construed as a consent to the granting of said motion. Dkt. 26. To date, Plaintiffs have filed nothing in response to Defendants' motion.

## II. DISCUSSION

Federal courts look to state law regarding in matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993) (citing Cal.Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment.... Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Assocs., LLC v. Superior Court of Los Angeles, 75 Cal.App.4th 952, 966-67 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal.Code Civ. Pro. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, id. § 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, id. § 405.32. See Hunting World, Inc. v. Superior Court of San Francisco, 22 Cal.App.4th 67, 70-71 (1994). Here, Plaintiffs have consented to the expungement of the lis pendens by failing to oppose Defendant's motion. In addition, Plaintiffs have failed to demonstrate the probable validity of any real property claim, to the extent that any have been alleged. The Court will therefore grant Defendant's unopposed motion to expunge lis pendens.

Defendant also requests an unspecified amount in attorney's fees and costs incurred in bringing the instant motion, pursuant to California Code of Civil Procedure § 405.38. Section 405.38 provides that "[t]he court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial

justification or that other circumstances make the imposition of attorney's fees and costs unjust."

In this case, the Court finds that imposition of fees would be unjust. This Court's Standing Orders require the moving party to meet and confer with the other party prior to filing its motion. Dkt. 17 at 2. The purpose of this requirement is to eliminate the time and expense associated with motion practice where no judicial intervention is, in fact, needed. However, there is no indication in Defendant's motion that it complied with that requirement. Had Defendant done so, the filing of its motion might have been avoided.[1] Thus, the Court denies Defendant's request for an award of fees.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Expunge Plaintiffs' Notice of Pendency of Action is GRANTED.

2. Defendant's request for attorney's fees and costs is DENIED.

3. This Order terminates Docket 24.

IT IS SO ORDERED.

Dated: October 14, 2010

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Defendant claims that its counsel requested Plaintiffs to remove the lis pendens but that they failed to do so. Def.'s Mot. at 6. However, Defendant failed to support this factual assertion with an affidavit or declaration, as required by Civil Local Rule 7-5(a).